RECEIVED
IN LAKE CHARLES, LA
AUG - 6 2015

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:14CR00187-003 |
| VS. | : | JUDGE MINALDI |
| NORVELL KEITH HARRIS | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendants objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the two level enhancement on page 7, Part A of the PSR. This enhancement was for possessing a firearm. The search warrant was executed at the Value Place Inn, 3202 Power Center Parkway, Lake Charles, Louisiana, but the firearm was located at Harris's residence at 103 Cypress Street, Iowa, Louisiana. Harris argues that the firearm was not his, nor did he know of its existence.

In *U.S. v. Berthiaume,* 233 F.3d 1000, 1003-1004 (7th Cir. 2000), the defendant challenged the district court's decision to increase his base offense level for the possession of a weapon. Under the sentencing guidelines, if a dangerous weapon (including a firearm) was possessed during the commission of an offense involving drugs, the defendant's base offense level must be increased by two levels. *See* U.S.S.G. § 2D1.1(b)(1). The government bears the burden of proving by a preponderance of the evidence that the gun was possessed during the commission of the offense or relevant conduct. *United States v. Cain,* 155 F.3d at 843. But, the government does not have to prove

that the gun was connected to the offense. *Id.* If the government satisfies its burden, the burden shifts to the defendant to show that it was clearly improbable that the gun was connected to the offense. *Id.*

Based on the facts in the PSR, and absent any rebuttal evidence contesting those facts, the court is permitted to accept as true the fact that Harris's conspiracy offense involved the possession of a firearm. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir.2007). In complying with Rule 32, the district court may accept the facts set forth in the PSR even when those facts are disputed. *United States v. Mora*, 994 F.2d 1129, 1141 (5th Cir.), cert. denied, 510 U.S. 958, 114 S.Ct. 417, 126 L.Ed.2d 363 (1993).

The enhancement for weapon possession in USSG §2D1.1(b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet.

The PSR establishes that the firearm was found in the defendant's residence and that a series of calls and text messages were intercepted between the defendant and Hayward Lecompte (the defendant's identified drug supplier) arranging for a transaction of eleven (11) ounces of cocaine for $8,250.00. Lecompte later arrived at Harris's residence. This was not the only intercepted transaction.

The evidence establishes that the offense conduct occurred at different locations, including the defendant's residence. The defendant's wife cooperated with law enforcement and indicated that the defendant not only knew about the gun, but he had, in fact, used it.

In *United States v. Williams*, 2012 WL 386358 (11th Cir. 2012), although conceding that the government met its burden and established by a preponderance of the evidence that the firearm was present at the time and place he was arrested, Williams argued that the § 2D1.1(b)(1) enhancement should not apply because (1) he was found asleep in a place open to the public and denied having any knowledge of the firearm and (2) the government declined to pursue the firearm charge in his indictment.

The court reasoned that the problem for Williams was that he did not present evidence that a connection between the firearm and the offense was "clearly improbable." Williams's sister's testimony, showed only that she did not see a firearm on the porch an hour before the officers arrived. And even if Williams had testified, the district court was not obligated to credit his self-serving testimony that he did not know where the gun between his legs came from. Although he was "passed out," Williams had all of the drugs on his person when the officers arrived, and the gun was well within arms reach. Finally, the government's dismissal of the firearm charge in the indictment did not prevent the district court from considering the handgun in determining Williams's sentence for the drug offense. See *United States v. Lynch*, 934 F.2d 1226, 1234 n. 8 (11th Cir.1991) (rejecting a defendant's argument that his sentence on drug convictions could not include a § 2D1.1(b)(1) enhancement because he was acquitted of a separate firearms charge in his indictment).

In *United States v. Rucker*, 2006 WL 373499 (5th Cir. 2006), the defendant argued that the § 2D1.1(b)(1) enhancement was error as the weapons were in a bedroom separate from the detached garage where the illegal activity took place. He argued that no evidence of manufacturing of any drugs was found in the house, and that the weapons found in the bedroom were "essentially hunting rifles."

The evidence upon which the district court relied in applying the enhancement was as follows: First, Lieutenant Medford testified at sentencing that no drugs were found inside the house. However, he also testified that the government knew drugs had previously been in the house based on the testimony of Rucker's girlfriend that she had flushed some down the toilet. Further, Medford testified that Rucker's girlfriend stated that Rucker normally manufactured methamphetamine in both the detached and attached garages. Finally, Medford testified that certain drug paraphernalia, specifically syringes, were found in the kitchen. Additionally, the PSR noted that, according to a "concerned citizen," Rucker normally kept a handgun close to him and had made statements about "shooting people."

The Fifth Circuit found that, based on the above evidence the district court did not clearly err in concluding that it is not "clearly improbable" that the firearms were connected to Rucker's offense. Consequently, the district court did not clearly err in applying the § 2D1.1 enhancement.

Based upon the facts presented in Harris's case, it is not "clearly improbable" that the firearm is connected to Harris's offense. Accordingly, the § 2D1.1 enhancement was properly applied. The objection is OVERRULED.

Lake Charles, Louisiana, this __6__ day of August, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE